UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 2:24-cr-20416
Honorable Nancy G. Edmunds

vs.

Vitalii Alexandrovich Balint,

Defendant.

---

**Application for Entry of Order of Forfeiture**

---

The United States applies to this Court for entry of an Order of Forfeiture. In support of this Application, the Government states the following:

## I. Background

On August 2, 2024, the United States filed an Information charging defendant Vitalii Alexandrovich Balint ("defendant") with Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. (ECF No. 1).

The Information contains a Forfeiture Allegation, which provides notice that upon conviction of Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from

proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). (ECF No. 1, PageID.5).

On or about June 17, 2025, the defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Count One of the Information. (ECF No. 21, PageID.36).

In the factual basis for the Rule 11, the defendant agreed that between 2017 and 2021, the defendant willfully and knowingly participated in the operation of a "botnet," a network of computers compromised by malware. The defendant supported the operation of the botnet by coding software that enabled mass-mailing of spam emails containing malware infected files. The defendant was monetarily compensated for his work by the managers of the botnet, earning at least $475,000. In addition to this amount, he earned at least $167,000 for coding projects supporting the operation of similar criminal operations. In coordination with his coconspirators, defendant was responsible for loading malware onto numerous computers within the United States, including computers located within the Eastern District of Michigan. The malware was transmitted to the victim computers from outside the United States through the internet. (ECF. No. 21, PageID.39-40).

As part of his Rule 11, the defendant agreed to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable

to the scheme underlying the defendant's violation of 18 U.S.C. § 1349 as charged in Count One of the Information. (ECF. No. 21, PageID.47-48). Specifically, the defendant agreed to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $475,000.00. (ECF No. 21, PageID.48).

In his Rule 11, the defendant agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agreed to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (ECF. No. 21, PageID.48).

In his Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agreed to sign such an order, indicating he consents to its entry if requested to do so by the government. (ECF. No. 21, PageID.49).

## II. Discussion

### a. Forfeiture is Mandatory.

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court shall order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. *Hampton*, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

In this case, the defendant has been convicted of an offense requiring forfeiture; specifically, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. Therefore, entry of an Order of Forfeiture is a mandatory part of defendant's sentence. In the Information, the defendant was placed on notice that upon conviction, the defendant shall forfeit any property, real or personal,

which constitutes or is derived from proceeds traceable to the offense, including a forfeiture money judgment. (ECF No. 1, PageID.5). Further, in the Rule 11 Plea Agreement, defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States in the amount of $475,000.00. (ECF. No. 21, PageID.48).

**a. The Forfeiture Amount.**

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds ..." 18 U.S.C. § 981(a)(1)(C). In his Rule 11, defendant agreed to the entry of a forfeiture money judgment in the amount of $475,000.00. Defendant further

acknowledged that he earned at least $475,000.00 for his work related to the botnet.

**a. Entry of the Forfeiture Order.**

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

Federal Rule of Criminal Procedure 32.2 also provides for entry of a preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

The defendant's sentencing is currently scheduled for October 14, 2025, making it appropriate for the Court to enter an Order of Forfeiture at this time.

Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

The defendant agreed in his Rule 11 to the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture money judgment. Pursuant to Local Rule 7.1, the undersigned communicated with defendant's attorneys, Benton Martin and Senad Ramovic, via e-mail to determine defendant's position on entry of an Order of Forfeiture. As of the filing of this motion, a response was not received.

## III. Conclusion and Requested Relief

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2, and based upon the Information, the Rule 11, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Order of Forfeiture. The government will submit the proposed Order of Forfeiture to the Court via ECF utilities.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov

Dated: September 23, 2025

**Certification of Service**

I hereby certify that on September 23, 2025, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov